45 C.C.P.A. (Patents).

**Application of Edward C. FILSTRUP, Jr.**

**Patent Appeal No. 6320.**

United States Court of Customs and Patent Appeals.

Jan. 31, 1958.

Eugene C. Knoblock, South Bend, Ind., for appellant.

Clarence W. Moore, Washington, D. C. (Arthur H. Behrens, Washington, D. C., of counsel), for Commissioner of Patents.

Before JOHNSON, Chief Judge, and O'CONNELL, WORLEY and RICH, Judges.

O'CONNELL, Judge.

This is an appeal from the decision of the Board of Appeals of the United

States Patent Office affirming the final rejection by the Primary Examiner of claims 22 to 25 inclusive, 41, 42, 43 and 45 of appellant's application No. 256,877 for a patent on a blasting device. The following references are of record:

| Vick | 174,035 | Feb. 22, 1876 |
|---|---|---|
| Woodruff | 1,835,921 | Dec. 8, 1931 |
| Corley | 2,006,791 | July 2, 1935 |
| Hayward | 2,083,709 | June 15, 1937 |
| Christensen | 2,180,795 | Nov. 21, 1939 |
| Berry | 2,314,683 | Mar. 24, 1943 |
| Loving, Jr. | 2,636,437 | Apr. 28, 1953 |
| Swed | 2,648,282 | Aug. 11, 1953 |
| Swiss Patent | 177,010 | Aug. 1, 1935 |

Kent, The Mechanical Engineers Handbook, 12th Edition, Design and Production Volume (1950)

Claims 22, 23 and 24 are copied from the patent to Loving No. 2,636,437, in which they appear as claims 1, 2 and 3, while appealed claim 25 is claim 4 of the same patent in modified form. Appealed claims 41, 42, 43 and 45 are copied claims 1, 2, 3 and 6 respectively of the patent to Swed No. 2,648,282.

All the appealed claims stand rejected as not supported by the disclosure of appellant's application, and claims 22 and 25 stand further rejected as not patentably distinct from each other. With respect to the latter rejection, it is stated in appellant's brief that "claim 25 does not substantially differ from claim 22 and is not pressed by appellant for that reason." We construe the quoted statement as a withdrawal of the appeal as to claim 25 and accordingly that claim will not be further considered. The withdrawal of claim 25, of course, removes the basis for the rejection of claim 22 as not differing patentably from it.

Appellant's application discloses a blasting device which includes a first hollow cylindrical member closed at one end and open at the other and externally threaded near its open end. An external packing ring is located in a groove between the threaded portion and the open end of the member. An annular sleeve is threaded onto and extends beyond the threaded end of the member and has a fluid-tight engagement with the packing ring. The sleeve is provided, at a point beyond the end of the cylindrical member, with oppositely disposed circumferentially extending slots, and the outer end of the sleeve is internally threaded. Slidably fitted into the sleeve adjacent the end of the cylindrical member is a short inner sleeve or ring which is provided with an annular groove containing a packing ring for effecting a sealing engagement between the sleeves. A second externally threaded hollow cylindrical member is threaded into the outer end of the outer sleeve and has an open end facing the open end of the first member. This second member is provided with radial openings adapted to discharge gas outwardly against the material to be blasted.

When the device is to be used the parts are assembled in the manner described, a thin metal plate is inserted through one of the circumferential slots so that it lies between the inner sleeve and the second cylindrical member, and the latter member is screwed into the outer sleeve until the plate is clamped between that member and the inner sleeve. Air or gas under pressure is then supplied to the interior of the first cylindrical member. As the pressure increases such air or gas enters between the end of the first member and that of the inner sleeve and tends to force them

apart, thus increasing the clamping pressure exerted by the sleeve on the plate.

In one form of the device relied on here by appellant the end of the inner sleeve which abuts the plate is provided with a circular groove containing a packing ring which forms a seal between the sleeve and the plate when the parts are in clamping relationship. Vent openings are provided which connect the bottom of the groove with the interior of the sleeve so that, when pressure is applied, air or gas under pressure enters the groove behind the packing and forces it into tighter engagement with the plate.

The Loving patent, from which appealed claims 22, 23 and 24 were copied, discloses a blasting device which, so far as those claims are concerned, is identical with that of appellant except for the packing at the end and circumference of the inner sleeve. Loving shows packing grooves similar to those of appellant and correspondingly positioned, but his specification states that the sealing elements have a thickness greater than the depth of the grooves in which they are located. That feature, which is recited in each of claims 22, 23 and 24, was held by the Patent Office tribunals to be lacking in the disclosure of appellant's application, and that holding forms the sole issue here with respect to those claims, since it is not denied that the application discloses the other claimed features.

Appellant does not contend that his application discloses in express terms that either the circumferential or the end packing ring of his inner sleeve has a thickness greater than the depth of the groove in which it is located. He asserts, however, that such a relationship is inherent in the application's disclosure.

The circumferential packing will be considered first. Appellant's specification states that this packing is of the kind "commonly known in the art as 'O-rings'" and that it is made of synthetic rubber and adapted to be deformed under pressure so that the seal is improved as the pressure increases. It is appellant's position that the thickness of the conventional O-ring is greater than the depth of the groove in which it is located, and that position appears to be supported by Kent's handbook, which gives a table of current standards for operating O-ring application, showing in each case a "minimum squeeze," which could be produced only if the thickness of the ring was greater than the depth of the groove.

It is true that there are special installations in which an O-ring packing is used whose thickness does not exceed the depth of the groove. The examiner cited Berry 2,314,683 and Swiss patent 177,010 as examples of such packings, but these arrangements are exceptional and require the use of specially designed or proportional grooves. It is obvious that, in the absence of some special construction, the thickness of an O-ring must exceed the depth of its groove if the ring is to perform any sealing function. Sealing can be effected only if the ring initially projects beyond the groove so that it will be compressed when the parts which are to be sealed are brought into operative relationship.

It follows that the statement in appellant's specification that the packing is of the kind commonly known as an O-ring carries a strong implication that the thickness of the ring is greater than the depth of its groove, since that is true in the normal use of such rings. Moreover, appellant's specification contains the following further statement with respect to the circumferential packing here under consideration:

"The frictional resistance to movement afforded by the sealing ring 54 will be sufficient to normally hold the member 30 [the inner sleeve] within the sleeve 20 and juxtaposed to the end of the neck 14 at all times and *even when the plate 50 is removed and the end cap 40, 42 is disconnected from the sleeve.*" (Emphasis added.)

Under the conditions described in the quoted passage the entire assembly is under atmospheric pressure and accord-

ingly the frictional resistance referred to could result only from the compression of the packing ring between the inner and outer sleeves which, in turn, could result only from the fact that the initial thickness of the ring was greater than the depth of its groove.

For the reasons given, we are of the opinion that it is inherent in the disclosure of appellant's application that the thickness of the circumferential packing ring shall exceed the depth of the groove in which it is located.

With respect to the packing which seals the end of appellant's inner sleeve against the plate, the situation is generally similar to that above considered, since that packing, like the circumferential one, is described in the specification as an O-ring. Moreover, the specification states that the packing ring "seats in the groove 66 for engagement with plate 50." The logical meaning of the quoted expression is that the ring seats in the groove and engages the plate at the same time which, as a practical matter, could not take place unless the initial thickness of the ring exceeded the depth of the groove. While the specification refers to the fluid pressure exerted on the packing ring as causing it to assume a shape conforming to that of the plate, that statement does not, in our opinion, mean that the ring and plate were not in contact before the fluid pressure was applied. The fluid pressure serves merely to enlarge and improve the seal between the ring and plate.

In view of the above, we conclude that it is inherent in appellant's disclosure that the thickness of the end packing ring of the inner sleeve, as well as that of the circumferential ring, shall exceed the depth of the groove in which it is located, and that appealed claims 22, 23, and 24 are therefore properly supported by such disclosure.

Claims 41, 42, 43 and 45 are copied from the patent to Swed. It is not necessary to consider in detail the construction shown by that patent, since the only issue presented here with respect to those claims is whether appellant's application provides a basis for the requirement that the resilient sealing means contained in the peripheral groove of the internal sleeve is of a thickness greater than the depth of the groove. For the reasons set forth in connection with claims 22, 23 and 24, we hold that appellant's application provides such a basis and hence affords a proper support for claims 41, 42, 43 and 45.

It is true that the mere fact that one following the disclosure of an application *might* produce a structure satisfying a claim is not, in itself, a sufficient basis for permitting an applicant to make that claim (Brand v. Thomas, 96 F.2d 301, 25 C.C.P.A., Patents, 1053) but, as was pointed out in Binstead v. Littmann, 242 F.2d 766, 770, 44 C.C.P.A., Patents, 839, a sufficient basis is provided if "the specification is so worded that the *necessary and only reasonable* construction to be given the disclosure by one skilled in the art" is one which will lend clear support to the claim. In our opinion the latter condition exists in the instant case.

The appeal is dismissed as to claim 25 and the decision of the Board of Appeals as to the remaining claims is reversed.

Reversed.